IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD RAMIREZ<br><br>Plaintiff,<br><br>v.<br><br>G4S SECURE SOLUTIONS, (USA) INC.,<br><br>Defendant. | Case:<br><br>Hon. Judge _____<br><br>COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND RETALIATION<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiff, RICHARD RAMIREZ, by and through his attorney, ALYCIA A. FITZ, ATTORNEY AT LAW, brings this action against Defendant, G4S Secure Solutions, (USA) Inc., alleging, upon knowledge as to himself and otherwise upon information and belief, as follows:

## PRELIMINARY STATEMENT

This action is brought for discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e sex and gender; hereinafter "Title VII"); 775 ILCS 5/2-101 through 5/2-105 (hereinafter "State Law" or "Illinois Law"); and 42 U.S.C. § 1981, the Civil Rights Act of 1866 (hereinafter "Section 1981").

This action seeks liquidated and actual damages for Defendants' unlawful employment practices on the basis of sex and gender and retaliation in violation of Title VII of the Civil Rights Act of 1964 and Illinois statute.

Plaintiff further brings this action after filing a charge with the Equal Employment Opportunity Commission, Chicago District Office in 2018 regarding Defendants' alleged discriminatory conduct. The EEOC issued a Notice of Right to Sue Letter in April 2019, a copy of which counsel for Plaintiff received on April 9, 2019.

Plaintiff has filed this action within 90 days after receipt of said Notice of Right to Sue letter and has satisfied all statutory prerequisites for filing this action.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction pursuant to the Constitution of the United States. This Court has original jurisdiction because the Plaintiff asserts claims that arise under said Constitution. The Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. §1367 because those claims are so related to Plaintiffs' federal question claims that they form part of the same case or controversy.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) as a substantial part of the events giving rise to Plaintiff's claims occurred in Willowbrook, Illinois, which is within this judicial district.

## PARTIES

1. Plaintiff, Richard Ramirez, is a resident of Will County, Illinois.

2. Defendant G4S Secure Solutions, (USA) Inc. is a Foreign BCA registered corporation with a principle place of business at 701 Willowbrook Centre Parkway, Willowbrook, Illinois (hereinafter "G4S Secure Solutions, Inc." or "Defendant"). At all times material hereto, said Defendant was a Florida corporation doing business in this district.

## STATEMENT OF FACTS

3. Plaintiff Ramirez, a heterosexual male, was at all times material hereto an employee of Defendant G4S Secure Solutions, Inc.

4. Plaintiff Ramirez was an employee of the Defendant's from approximately November 2013 through December 19, 2017.

5. Plaintiff Ramirez was hired as a Field Supervisor I. Plaintiff Ramirez was subsequently promoted to CPO-Area Supervisor IV, the position he held during the material events herein, and worked out of the Willowbrook, Illinois office.

6. Defendant G4S Secure Solutions, Inc. is in the business of selling and providing security "solutions" that include security officers, consultation services, software and other technology services, and systems integration services.

7. Plaintiff's direct supervisor was Mike Zajac, an Operations Manager with the Defendant.

8. Throughout his employment with G4S Secure Solutions, Inc., Plaintiff Ramirez's performed his duties in a satisfactory manner or above.

9. Mr. Zajac also supervised Misty Zebell, a co-worker of the Plaintiff who also worked at and out of the Willowbrook location and held the position of Area Supervisor.

10. During 2017, Ms. Zebell and Mr. Ramirez became friends. Ms. Zebell regularly invited Mr. Ramirez out to lunch and to accompany her on client visits. She drove nearly 100% of the time. They communicated regularly on their work phones and on their personal cell phones, both initiating communications by phone and text and Ms. Zebell sending photographs of herself.

11. In or about July and August 2017, Ms. Zebell and Mr. Ramirez discussed entering into a dating relationship.

12. Subsequently, they mutually agreed to not enter into a dating relationship.

13. Thereafter, in and about Fall 2017, Mr. Ramirez was subjected to harassment and an uncomfortable work environment created by Ms. Zebell as follows, not stated by way of exclusion:

    a. Mr. Ramirez attempted to distance himself by reducing his off-site contacts, declining her invitations to accompany her on client visits, and declining her invitations to lunch.

    b. When Mr. Ramirez so declined, Ms. Zebell would demand to know why he was acting differently and chide him by saying he must be talking to his "hoes" who told him to stay away from her.

    c. During this time period, Ms. Zebell would also interrogate Mr. Ramirez about his personal relationships with other women and belittled him because of his answers or refusal to answer these personal questions.

    d. On December 8, 2017, Ms. Zebell verbally and physically attacked Mr. Ramirez starting at and near their desks and then at or near a loading dock within earshot of said office space. Said physical attacks included throwing paper at him, throwing a pop bottle at him, and then punching him in the head drawing blood.

    e. The above-described conduct on the part of Ms. Zebell occurred in front of co-workers during the work day and, regarding the interrogations and other verbal abuse, would also occur other times.

14. On December 8, 2017, Richard Ramirez filed a police report against Misty Zebell in DuPage County, Illinois, to which the DuPage County State's Attorney pursued criminal charges. Said case resolved in 2018 through a plea agreement based on information and belief, including the court file.

15. Also on December 8, 2017, Richard Ramirez called Mike Zajac, advised him of the above attacks, and discussed his complaints about Ms. Zebell's conduct toward him.

16. Mr. Ramirez and Ms. Zebell met separately with Mr. Zajac and William O'Brien, Mr. Zajac's boss and a General Manager with G4S Secure Solutions, Inc., on December 11, 2017. Mr. Ramirez met with Mr. O'Brien a second time on December 13, 2017.

17. Defendant filed Mr. Ramirez on December 19, 2017, stating his termination was for causing a hostile work environment for Ms. Zebell and dishonesty.

18. Plaintiff filed for unemployment benefits but was denied because of Defendant's claim he was fired for misconduct.

## FIRST CAUSE OF ACTION
## SEX/GENDER DISCRIMINATION IN VIOLATION OF TITLE VII
## HARASSMENT-HOSTILE WORK ENVIRONMENT

19. Plaintiff re-alleges and incorporates by reference each and every allegation in the preceding paragraphs as though fully stated herein.

20. Plaintiff Ramirez is a member of a protected class, namely gender/sex male.

21. Plaintiff Ramirez and Misty Zebell were both employees of the Defendant at all times relevant to the allegations herein and prior to the Defendant discharging Plaintiff.

22. Defendant, by and through its employees and agents, has engaged in intentional gender discrimination in the terms and conditions of Plaintiff Ramirez's employment, including, but not limited to, the Plaintiff's hostile and abusive work environment.

23. Misty Zebell created a work environment that was hostile and abusive to Plaintiff Ramirez through the following conduct, not stated by way of exclusion:

    a. She insulted him, insulted women he associated with, ridiculed him, belittled him, and made inappropriate inquiries into his personal romantic life on multiple occasions and in front of co-workers;

    b. Ms. Zebell's conduct above caused Plaintiff Ramirez actual embarrassment, humiliation, and discomfort;

    c. Ms. Zebell's verbal and physical attacks against Plaintiff Ramirez on December 8, 2017 occurred in front of co-workers and disrupted the whole office;

    d. Ms. Zebell's verbal and physical attacks against Plaintiff Ramirez caused him actual embarrassment and physical harm;

    e. The above-described conduct was such that a reasonable person would find offensive;

    f. The above-described conduct was such that Plaintiff Ramirez actually found offensive and made his ability to perform his work duties difficult; and

    g. The above-described conduct was a violation of Defendant's conduct rules and subject to termination.

24. Plaintiff Ramirez was obligated to endure Misty Zebell's insults and harassing treatment in front of their fellow co-workers after his first complaint to his direct supervisor, Mike Zajac. Plaintiff Ramirez was further obligated to endure the toxic environment as a condition of his employment after Ms. Zebell's December 8, 2017 attack against him and his second complaint to Mike Zajac later that same day. Said obligation included, but was not limited to, requests by William O'Brian, General Manager, to participate in company holiday functions outside of his regular work duties despite Mr. Ramirez's expressed desire to not attend.

25. Defendant knew or should have known that conduct by Ms. Zebell would create and/or continue a hostile work environment for Plaintiff Ramirez.

26. Despite this knowledge, and took no action to stop the conduct before December 8, 2017, to subsequently train employees on appropriate and legal work behavior, or otherwise address her conduct in its workplace.

27. The harassment and hostile work environment occurred because of Plaintiff Ramirez's gender, male.

28. Misty Zebell, upon information and belief, is a heterosexual female and her conduct would likely not have been directed at another female employee.

## SECOND CAUSE OF ACTION
## SEX/GENDER DISCRIMINATION IN VIOLATION OF TITLE VII
## DISPARATE TREATMENT

29. Plaintiff re-alleges and incorporates by reference each and every allegation in the preceding paragraphs as though fully stated herein.

30. Misty Zebell is an employee similarly situated to Plaintiff Ramirez on the following grounds, not stated by way of exclusion:

   a. Both held the position of Area Supervisor during the Fall of 2017 through December 19, 2017;

   b. Both had the same supervisor during the above-described time, namely Mike Zajac;

   c. Both worked at the same location;

   d. Both were subject to the same employee handbook and conduct rules contained therein;

   e. Based on information and belief, both were meeting or exceeding the Defendant's performance expectations;

   f. Both were accused of sexual harassment, each accusing the other.

31. Plaintiff Ramirez experienced the adverse employment action of different treatment in how the harassment complaints were treated by the Defendant based on, but not limited to, the following:

   g. When Plaintiff Ramirez complained about Ms. Zebell's harassment the first time to his supervisor, the Defendant did not take any actions against Ms. Zebell and her illegal conduct continued;

   h. When Ms. Zebell alleged that Plaintiff Ramirez sexually harassed her, Defendant investigated the complaint and allowed Ms. Zebell to gather and present documentary evidence to support her case;

    i. Plaintiff Ramirez was not allowed to gather outside evidence – verbal or documentary – before Defendant terminated him and, instead, hit him with everything all at once and in a manner that a would cause a reasonable employee to believe no further discussions or evidence would be entertained to change the decision;

    j. Plaintiff Ramirez, as a result of Defendant's different treatment and handling of the complaints, was unable to gather evidence that existed to show Ms. Zebell was lying and/or mischaracterized past events and/or that he did not sexually harass Ms. Zebell.

32. Plaintiff Ramirez did not sexually harass Misty Zebell or cause a hostile work environment for her in violation of Title VII or state law.

33. How Defendant handled the two employee's harassment complaints constitutes an adverse employment act in that they were acts by the Defendant which caused a qualitative change in Plaintiff Ramirez's employment conditions and resulted in real harm. Plaintiff Ramirez was forced to endure the harassment and hostile work environment after his complaint and was actually physically harmed by Ms. Zebell on December 8, 2019.

34. In addition to the above practices, Plaintiff Ramirez was treated differently than Ms. Zebell regarding alleged violations of Defendant's conduct rules including, but not limited to the following:

    k. Defendant's employee handbook, section "Discipline," lists grounds for immediate termination entitled "Grounds for Immediate Dismissal," and including, in relevant part, the grounds of fighting or providing a fight during working hours or on company property(3) ; "theft, dishonesty, fraud, or bribery" (5) ; "malicious harassment (including sexual or racial) of fellow

employees" (9); "horseplay or other activity with potentially serious consequences" (10); and "Conviction of or pleading guilty to any criminal act or engaging in criminal conduct" (13).

l. When Plaintiff Ramirez complained about Ms. Zebell's harassment and the hostile work environment, she was not terminated or otherwise disciplined to Plaintiff's knowledge – her same conduct continued.

m. Misty Zebell physically and verbally attacked Plaintiff Ramirez in the workplace and was not disciplined and/or discharged as of December 19, 2017 or shortly thereafter.

n. Misty Zebell disrupted the workplace, including calls with customers/clients, and was not disciplined and/or discharged as of December 19, 2017 or shortly thereafter.

o. Plaintiff Ramirez was accused of sexual harassment without his ability to gather evidence in his defense and was terminated.

p. While Plaintiff Ramirez was accused of lying, the claimed lies have reasonable explanations or were not lies and, regardless, did not rise to the level of misconduct perpetrated by Ms. Zebell.

35. Plaintiff Ramirez was treated differently because he is a man. Misty Zebell was treated more favorably because she is a woman.

### THIRD CAUSE OF ACTION
### RETALIATION IN VIOLATION OF TITLE VII (§2000e-3)

36. Plaintiff re-alleges and incorporates by reference each and every allegation in the preceding paragraphs as though fully stated herein.

37. Plaintiff Ramirez complained about the sexual harassment, hostile work environment, and the December 8, 2017 verbal and physical attack to his direct supervisor and subsequently to the General Manager at the Defendant.

38. Plaintiff Ramirez specifically discussed with his direct supervisor on or about December 8, 2019, his prior complaints about Ms. Zebell's harassing conduct and the hostile work environment.

39. On December 8, 2019, Plaintiff Ramirez filed charges against Misty Zebell with the police.

40. The above actions taken by Plaintiff constitute protected activities under 42 U.S.C. §2000e-3.

41. At the time of the above protected activities, Plaintiff was performing his duties in a satisfactory manner or above.

42. Defendant, through its employees and agents, was aware of the above-described protected activities.

43. The next business day, on or about December 11, 2017, Defendant started investigating Plaintiff Ramirez without his knowledge and did not give him the opportunity to gather and present outside documentary or testimonial evidence in his defense.

44. Shortly thereafter, on December 19, 2017, Defendant fired Plaintiff Ramirez.

45. Subsequently, in or about the end of December 2017 and early January 2018, Defendant objected to Plaintiff receiving unemployment benefits.

46. The above actions constitute adverse employment actions against the Plaintiff.

47. A reasonable male employee would have found his employer's handling of the female's complaint in the herein-described scenario materially adverse employment actions.

48. Defendant employer, through its employees and agents, retaliated against Plaintiff for his protected activities.

49. In addition, or in the alternative, Defendant retaliated by terminating him for harassment charges that it knew, or should have known, were questionable to retaliate and dissuade Plaintiff from pursuing complaints against Defendant, including but not limited to his own discrimination-based complaints and his claim for unemployment benefits.

## FOURTH CAUSE OF ACTION
## SEX/GENDER DISCRIMINATION IN VIOLATION OF STATE LAW
## HARASSMENT – Illinois Human Rights Act ("IHRA")

50. Plaintiff re-alleges and incorporates by reference each and every allegation in the preceding paragraphs as though fully stated herein.

51. Defendant is an employer as defined by the IHRA and liable for harassment by its employees in accordance with the terms of that Act.

52. Misty Zebell's conduct described herein constituted harassment against Plaintiff Ramirez on the basis of gender/sex.

53. Plaintiff reported Ms. Zebell's herein discriminatory described conduct to his direct supervisor and the Defendant was otherwise made aware of said conduct.

54. Defendant failed to take reasonable corrective measures to discipline or otherwise address Ms. Zebell's discriminatory conduct.

55. Ms. Zebell's discriminatory conduct continued and culminated with her verbal and physical attacks on December 8, 2017.

## FIFTH CAUSE OF ACTION
## SEX/GENDER DISCRIMINATION IN VIOLATION OF IHRA, 775 ILCS 5/2-102(A)

56. Plaintiff re-alleges and incorporates by reference each and every allegation in the preceding paragraphs as though fully stated herein.

57. Defendant acted against Plaintiff in violation of statute when it failed to act on Plaintiff's complaints made in the Fall of 2017 to his direct supervisor.

58. Failing to act on said complaints was an omission regarding Plaintiff's terms, privileges, and/or conditions of employment, including but not limited to the reasonable expectation of an employee to a harassment-free workplace and to an employer that will do more than give lip service to his expressed concerns.

## SIXTH CAUSE OF ACTION
## SEX/GENDER DISCRIMINATION IN VIOLATION OF STATE LAW
## HARASSMENT – HOSTILE WORK ENVIRONMENT

59. Plaintiff re-alleges and incorporates by reference each and every allegation in the preceding paragraphs as though fully stated herein.

## SEVENTH CAUSE OF ACTION
## RETALIATION IN VIOLATION OF STATE LAW-IHRA

60. Plaintiff re-alleges and incorporates by reference each and every allegation in the preceding paragraphs as though fully stated herein.

## CONCLUSION

Plaintif suffered a loss of pay, loss of employment benefits, loss of unemployment benefits, litigation costs and attorney fees, and other actual and pecuniary damages as a result of Defendant's illegal conduct and recoverable under Federal and Illinois law.

Defendant's discriminatory conduct has caused Plaintiff to suffer a loss of pay and damage to his reputation and quality of life, entitling him to compensation pursuant to 42 U.S.C. 1981a.

Defendant has engaged in discriminatory practices with malice and/or reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages pursuant to 42 U.S.C. §1981a.

## PRAYER FOR RELIEF

WHEREFORE the Plaintiff, Richard Ramirez, respectfully requests that this Court enter a judgment in his favor and against the Defendant and award Plaintiff the following relief:

A. Entry of an Order granting Mr. Ramirez back pay in the amount of his salary up to and including the date of judgment, as allowed by law;

B. Entry of an Order granting Mr. Ramirez damages for the humiliation, pain, and suffering and distress caused by Defendant's conduct in an amount to be determined by this court and/or at trial, as allowed by law;

C. Entry of an Order granting Mr. Ramirez punitive damages for Defendant's malicious and recklessly indifferent conduct in an amount to be determined by this court and/or at trial, as allowed by law;

D. Entry of an Order granting Mr. Ramirez any and all other employment benefits he would have enjoyed had he not been discriminated against and retaliated against, as allowed by law;

E. Entry of an Order granting Mr. Ramirez his litigation expenses, including reasonable attorney fees, pursuant to Title VII and/or 42 USC 1988 and/or any other Federal and State Law applicable to this case;

F. Entry of an Order granting temporary, preliminary, and permanent injunctive relief prohibited under Title VII and all other applicable State and Federal Laws.; and

G. Entry of an Order granting any and all other relief this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury for all issues so triable in this action.

Respectfully submitted,
RICHARD RAMIREZ

By: _____
One of his attorneys

Alycia A. Fitz, Attorney at Law
#6269747
Attorney for Plaintiff
430 W. Roosevelt Road
Wheaton, Illinois 60187
(630) 917-2227
alycia@attorneyfitz.com